UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEFENDERS OF WILDILFE,              )
1130 17th Street, N.W.              )
Washington, D.C.  20036,            )
                                    )
AMERICAN BIRD CONSERVANCY,          )
4301 Connecticut Ave., N.W.         )
Washington, D.C.  20008,            )        Civ. No.
                                    )
          Plaintiffs,               )
                                    )
RYAN ZINKE, SECRETARY,              )
UNITED STATES DEPARTMENT OF         )
THE INTERIOR,                       )
1849 C Street, N.W.                 )
Washington, D.C.  20240,            )
                                    )
GREG SHEEHAN, ACTING DIRECTOR,      )
UNITED STATES FISH AND WILDLIFE     )
SERVICE,                            )
1849 C Street, N.W.                 )
Washington, D.C.  20240.            )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.     Defenders of Wildlife ("Defenders") and American Bird Conservancy ("ABC"),

together "Plaintiffs," bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, to compel the production of records concerning Opinion M-37050, issued by the Solicitor

of the Department of the Interior on December 22, 2017.  Opinion M-37050, which was issued

following lobbying by representatives of the oil and gas industry, reversed decades of

government policy and practice regarding implementation of the Migratory Bird Treaty Act

("MBTA"), 16 U.S.C. § 703, which prohibits the "taking" and "killing" of migratory birds

without formal permission from the Department of the Interior ("DOI"). Opinion M-37050

severely limits the ability of DOI and its constituent agency, the U.S. Fish and Wildlife Service

("FWS" or "Service"), to implement and enforce the MBTA against major industrial activities

that foreseeably result in the killing of migratory birds. In view of the intense public interest in

the circumstances surrounding, and other matters relevant to, issuance of Opinion M-37050,

Plaintiffs submitted FOIA requests for communications related to development of Opinion M-

37050, and general information related to prior and ongoing law enforcement activities under the

MBTA. In violation of the FOIA, Defendants have failed to respond to these requests within the

mandatory time limits set forth in the statute and DOI's own regulations.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction and venue over this action pursuant to 5 U.S.C. §

552(a)(4)(B).

## PARTIES

3.      Plaintiff DEFENDERS OF WILDLIFE is a 501(c)(3) organization with more than

1.8 million members, donors, and supporters nationwide. Founded in 1947, Defenders is

committed to the protection of wild plants and animals in their natural communities and the

preservation of the habitats on which they depend. Defenders advocates for scientifically driven

approaches to wildlife management that help stabilize and restore species threatened with

extinction and that keep other species from becoming endangered. Defenders uses education,

litigation, research, legislative, and administrative advocacy to defend the wildlife and habitats

that are central to its mission.

4.      Plaintiff AMERICAN BIRD CONSERVANCY is a 501(c)(3) organization whose

mission is to conserve native birds and their habitats throughout the Americas. ABC achieves

this mission by safeguarding the rarest bird species, conserving and restoring important bird

habitats, reducing threats to birds, and building an Americas-wide community of bird

conservationists. On behalf of its members, board members, and supporters, ABC is a leading

organization working to reduce threats to birds from habitat destruction; from collisions with

buildings, towers, and wind turbines; from toxins such as hazardous pesticides and lead, and

myriad other human-caused threats. ABC relies heavily on scientific research and analysis in its

work and promotes responsible regulatory changes to protect birds against ongoing threats to

their existence.

5.      Defendant RYAN ZINKE is sued in his official capacity as Secretary of DOI. As

Secretary, Defendant Zinke is ultimately responsible for the administration and implementation

of the Agency's FOIA obligations, and of the MBTA.

6.      Defendant JIM KURTH is sued in his official capacity as Acting Director of the

FWS, a federal agency located within DOI that is authorized and required by law to protect and

manage the fish and wildlife resources of the United States. FWS is the primary authority for the

day to day administration of the MBTA and possesses records that are the subject of Plaintiffs'

FOIA requests.

## STATEMENT OF FACTS

7.      On January 10, 2017, the Department's Office of the Solicitor released Opinion

M-37041 – *Incidental Take Prohibited Under the Migratory Bird Treaty Act*. This opinion

reaffirmed DOI/FWS's long-held position that the MBTA prohibits the foreseeable incidental

take of migratory birds by major industrial activities. Opinion M-37041 explained how the

MBTA's plain language and purpose, treaties underlying the MBTA, and the weight of pertinent

case law all supported the conclusion that the MBTA's requirements apply whenever the killing

or taking of migratory birds is a foreseeable result of an industrial activity, even if it is not the intended purpose. Following the change in Administrations, Opinion M-37041 was suspended.

8.     On December 22, 2017, the Principal Deputy Solicitor of DOI issued Opinion M-37050, which adopted a position opposite from that provided in Opinion M-37041. Opinion M-37050 concludes that the MBTA's prohibition on the killing and taking of migratory birds applies only when the particular activity is specifically directed at, and the actor has the specific purpose of, killing or taking migratory birds. This conclusion conflicts with decades of earlier agency interpretations, administrative actions, and enforcement proceedings.

9.     On January 23, 2018, Defenders sent two FOIA letters to DOI requesting documents related to Opinion M-37050.

10.    First, Defenders requested any previously compiled lists of past enforcement actions taken under the MBTA for incidental take as well as records related to enforcement actions brought under the MBTA for incidental take initiated between January 1, 1970 and February 6, 2017 from FWS' Office of Law Enforcement.

11.    Second, Defenders requested records reflecting communications between DOI and non-government organizations, individuals, and entities relating to the suspension of Opinion M-37041 and the subsequent issuance of Opinion M-37050. This request also sought documents related to the development of a Notice of Intent entitled *Migratory Bird Permits; Programmatic Environmental Impact Statement*, 80 Fed. Reg. 30,032 (May 26, 2015), and any records relating to enforcement actions under the MBTA for incidental take which were pending when Opinion M-37041 was suspended on January 10, 2017.

12.    By letter dated January 26, 2018, and transmitted to DOI, the Office of the Solicitor of DOI, and the FWS, ABC requested production of (1) all records that consist of or

reflect or refer to communications between DOI and any non-government individuals, organizations, or entities relating to the issuance of Opinion M-37050; and (2) all records that consist of or reflect or refer to communications between DOI and any non-government individuals, organizations, or entities relating to the rescission of Opinion M-37041.

13.     On February 21, 2018, Defenders received a letter acknowledging receipt of its request but has heard nothing from the responsive agencies since.

14.     By letter dated January 29, 2018, DOI's Office of the Solicitor advised ABC that it had received ABC's request on January 26, 2018, and that ABC's request for a fee waiver for processing the request had been granted because, among other reasons, disclosure of the information sought is "in the public interest because it is likely to contribute significantly to public understanding of government operations, or activities." The Office of the Solicitor has not provided ABC with any responsive documents, or otherwise provided any substantive response to the request.

15.     By letter dated February 26, 2018, the Office of the Secretary of DOI confirmed receipt of ABC's request on January 26, 2018, and said that "you can expect to hear from us promptly regarding the outcome of this search," and that "[b]ecause we will need to consult with one or more bureaus of the Department in order to properly process your request, the Office of the Secretary FOIA office is taking a 10-workday extension under 43 C.F.R. § 2.19." The Office of the Secretary has not provided ABC with any responsive documents, or otherwise provided any substantive response to the request.

16.     In an e-mail dated February 2, 2018, the FWS acknowledged receipt of ABC's request on January 26, 2018, and stated that the "response to your request will be coordinated by

our HQ's FOIA office." The FWS has not provided ABC with any responsive documents, or otherwise provided any substantive response to the request.

## COUNT ONE (VIOLATION OF FOIA)

17.     FOIA requires an agency to determine within twenty business days following the receipt of a FOIA request "whether to comply with such request" and to "immediately notify the person making such a request of [] such determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A). In "unusual circumstances," the agency may advise the requester that it is extending the response time for a specified period that ordinarily may not exceed an additional ten working days. *Id.* § 552(a)(6)(B); 43 C.F.R. § 2.19.

18.     Defendants have failed to comply with the mandatory time limits for responding to Plaintiffs' requests. Plaintiffs have a right to the requested records under FOIA.

WHEREFORE, Plaintiffs request that this Court:

1.  Declare that Defendants' failure to respond to Plaintiffs' requests is unlawful.

2.  Order Defendants to immediately make the requested records available to Plaintiffs.

3.  Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

4.  Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted

/s/Eric R. Glitzenstein
Eric R. Glitzenstein
Meyer Glitzenstein & Eubanks LLP
4115 Wisconsin Ave., N.W.
Suite 210
Washington, D.C.  20016
(202) 588-5206
eglitzenstein@meyerglitz.com

Counsel for Plaintiffs